** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT WHITAKER, | § | |
| *Appellant,* | § § | |
| | § | CIVIL ACTION No. 4-14-cv-700 |
| v. | § § | JUDGE RON CLARK |
| MORONEY FARMS HOMEOWNERS' ASSOCIATION, | § § § | SJF |
| *Appellee.* | § | |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Appellant James Robert Whitaker has appealed the August 29, 2014 Judgment of the United States Bankruptcy Court for the Eastern District of Texas.[1] Adversary Proceeding Doc. # 95. Appellant Whitaker argues that the determination of the Bankruptcy Court that his debt to Appellee Moroney Farms was not dischargeable due to defalcation under 11 U.S.C. § 523(a)(4) is incorrect. On the record before it, the court finds no error in the Bankruptcy Court's rulings. The Judgment of the Bankruptcy Court is affirmed.

### I. Background

Appellee Moroney Farms, a homeowners' association, is a Texas non-profit corporation. Appellant Whitaker served as an officer and director from January 2006 to July 2007. Following his service as an officer and director, Appellee Moroney Farms sued Appellant Whitaker in the 296th Judicial District Court of Collin County, Texas ("State Court Action"). Appellee Moroney Farms alleged, among other things, that Appellant Whitaker improperly caused Appellee

---

[1] The Adversary Proceeding is styled *Moroney Farms Homeowners' Ass'n, Inc. v. James Robert Whitaker*, Case No. 10-4057, the Honorable Bill Parker presiding.

1

Moroney Farms to incur attorney's fees in an improper attempt to deny a homeowner access to certain documents. It also argues that Appellant Whitaker gained improper benefits as a result of his position. Appellee Moroney Farms also asserted that Appellant Whitaker owed it a fiduciary duty and that he breached that duty.

The State Court Action resulted in a trial, which began on June 22, 2009, and concluded on June 24, 2009. On September 4, 2009, the 296th District Court entered a judgment in the State Court Action against Appellant Whitaker, in the amount of $30,177.00, with post-judgment interest thereon at a rate of 5% per annum, as well as all costs taxed to Appellant Whitaker. In addition to the Judgment in the State Court Action, on October 27, 2009, the 296th District Court entered formal findings of fact and conclusions of law, which specifically found that:

(a) Appellant Whitaker was the president and director of Appellee Moroney Farms from January 2006 through July 2007;

(b) As president and director of Appellee Moroney Farms, Appellant Whitaker knowingly and intentionally incurred attorney's fees, and litigation and settlement expenses, on behalf of Appellee Moroney Farms to oppose a homeowner's request for association documents;

(c) The homeowner's request for association documents was proper;

(d) The amount of attorney's fees and litigation expenses approved and incurred by Appellant Whitaker on behalf of Appellee Moroney Farms to oppose the homeowner's request for association documents was $27,873.83;

(e) Appellant Whitaker knowingly sought and received personal benefits as a president and director of Appellee Moroney Farms;

(f) Appellant Whitaker knowingly sought and received money as a personal benefit from a third-party contractor that was performing work paid for by Appellee Moroney Farms;

(g) The value of the money received by Appellant Whitaker as a personal benefit from a third party contractor that was performing work paid for by Appellee Moroney Farms was $470.00;

(h) Appellant Whitaker knowingly sought and received money from Appellee Moroney Farms for reimbursement of personal expenses incurred solely by Appellant Whitaker;

(i) The value of the money received by Appellant Whitaker from Appellee Moroney Farms for the reimbursement of personal expenses of Appellant Whitaker was $272.21;

(j) The total value of the personal benefit received by Appellant Whitaker as president and director of Appellee Moroney Farms was $742.21;

(k) Appellant Whitaker gave no notice of and made no claim for any settlement offset or credit before or during the trial and offered no evidence prior to the close of evidence of any payment of settlement funds to Appellee Moroney Farms;

(l) As president and director of Appellee Moroney Farms, Appellant Whitaker owed Appellee Moroney Farms the duties of a fiduciary;

(m) Appellant Whitaker breached his fiduciary duty owed to Appellee Moroney Farms;

(n) Appellant Whitaker's action in knowingly incurring attorney's fees, and litigation and settlement expenses, on behalf of Appellee Moroney Farms to oppose a homeowner's proper request for association documents was a breach of his fiduciary duty;

(o) Appellant Whitaker breached his fiduciary duty owed to Appellee Moroney Farms by knowingly taking improper personal benefits arising out of his position as president and a fiduciary;

(p) Appellant Whitaker's personal receipt of money from a third-party contractor for work performed for and paid for by the association was a breach of Appellant Whitaker's fiduciary duty to Appellee Moroney Farms;

(q) Appellant Whitaker's personal receipt of money from the association as reimbursement of Appellant Whitaker's personal expenses was a breach of Appellant Whitaker's fiduciary duty to Appellee Moroney Farms;

(r) Appellant Whitaker was not entitled to any settlement credit or offset; and

(s) Appellant Whitaker's indebtedness to Appellee Moroney Farms included pre-judgment interest in the amount of $1,560.96 calculated at the rate of 5% per annum.

No appeal was ever taken of the findings or Judgment in the State Court Action.

Appellant Whitaker filed for Chapter 7 bankruptcy on January 12, 2010. On March 8, 2010, Appellee Moroney Farms timely filed its Complaint Objecting to the Discharge of Debt, which instituted the Adversary Proceeding. On August 23, 2012, the Bankruptcy Court conducted a trial and took the issue of dischargeablity of the State Court Action Judgment under advisement. On September 11, 2012, the Bankruptcy Court declared that the debt to Appellee

Moroney Farms was not dischargeable as a defalcation committed by Appellant Whitaker while acting as a fiduciary, pursuant to 11 U.S.C. § 523(a)(4).

Appellant Whitaker timely appealed this matter to the United States District Court for the Eastern District of Texas. *James Robert Whitaker v. Moroney Farms Homeowners' Ass'n*, Case. No. 4:23-cv-695-RAS. While the matter was pending on appeal, the Supreme Court clarified the level of culpability required to find defalcation under 11 U.S.C. § 523(a)(4). *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013). As a result of that decision, the District Court remanded this matter "to the bankruptcy court to determine whether further proceedings are needed and to apply the heightened standard as set forth in *Bullock*." Adversary Proceeding Doc. # 85.

Upon remand, the Bankruptcy Court solicited additional briefings from the parties. In Appellant Whitaker's briefing, he attempted to reargue issues that were beyond the scope of remand relating to the legitimacy of Appellee Moroney Farm's claims in the State Court Action. In the Adversary Proceeding, the Bankruptcy Court found that the Appellant Whitaker, as well as the Bankruptcy Court itself, were collaterally estopped from examining the findings in the State Court Action. The Bankruptcy Court then proceeded to apply the defalcation standard from *Bullock*. It found that Appellant Whitaker's actions, as determined in the State Court Action, constituted defalcation under the clarified standard put forth in *Bullock*. Those actions included knowingly incurring attorney's fees and litigation and settlement expenses owed by Appellee Moroney Farms to oppose the homeowner's proper request for association documents; knowingly seeking and receiving improper personal benefits in the form of reimbursement of personal expenses; and knowingly seeking and receiving money as a personal benefit from a third-party contractor that was compensated by Appellee Moroney Farms.

4

Appellant Whitaker timely appealed to this court, and the parties have submitted briefing.

## II. Applicable Law

A. Standard of Review

A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses. *See* Fed. R. Bankr. P. 8013; *see also In re Herby's Foods, Inc.*, 2 F.3d 128, 130-31 (5th Cir. 1992). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed.'" *In re Missionary Baptist Found. of Am. Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Issues of law are reviewed de novo. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 238-39 (5th Cir. 2006). Mixed questions of fact and law are also reviewed de novo. *In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003). A finding of fact that is premised on an improper legal standard or on a proper standard improperly applied will also be reviewed de novo. *Missionary Baptist Found.*, 712 F.2d at 209.

B. Collateral Estoppel

Collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (internal quotations omitted). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States.*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)). Where the factual issues for the creditor's theory of

nondischargeability have been actually litigated in a prior proceeding, neither the creditor nor the debtor may relitigate those grounds. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1294 (5th Cir. 1995).

When a party is asserting collateral estoppel regarding a state court judgment, the court applies the collateral estoppel law of that state. *In re Pancake*, 106 F.3d 1242, 1244 (5th Cir. 1997). Under Texas law, collateral estoppel occurs when: "(1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case." *Id.* (citing *in re Garner*, 56 F.3d 667 (5th Cir. 1995); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 806 (Tex. 1984)).

C. Defalcation

"The party promoting the exception to discharge must prove by a preponderance of the evidence that the debt is nondischargeable." *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Any exception to discharge should be construed liberally in favor of the debtor. *In re Hudson*, 107 F.3d 355, 356 (5th Cir. 1997).

A debtor seeking relief in bankruptcy will not receive a discharge of any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Supreme Court has stated that defalcation "includes a culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase." *Bullock*, 133 S. Ct. at 1757. The state of mind required is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Id.* The conduct at issue must involve bad faith, moral turpitude, intentional wrong, or other immoral conduct. *Id.* at 1759.

6

## III. Analysis

Having reviewed the findings of fact from the Bankruptcy Court in the Adversary Proceeding, this court has determined that none of these findings are clearly erroneous. *See In re Missionary Baptist Found.*, 712 F.2d at 209. This court will apply those facts to the issues of law, which it will review de novo. *In re SGSM*, 439 F.3d at 238-39.

### A. The Judgment in the State Court Action Collaterally Estops Relitigation of Facts Surrounding the Amount of Appellant Whitaker's Debt to Appellee Moroney Farms

Throughout the litigation in the Bankruptcy Court, Appellee Moroney Farms has argued the Appellant Whitaker is collaterally estopped from relitigating the findings and conclusions in the State Court Action. In applying Texas law to this case, this court must determine whether the facts sought to be litigated at the Bankruptcy Court were fully and fairly litigated in the State Court Action, whether those facts were essential to the State Court Action Judgment, and whether the parties were cast as adversaries in the State Court Action. *See In re Pancake*, 406 F.3d at 1244 (citations omitted).

The questions of fact addressed in the State Court Action are the same as the factual disputes in the Bankruptcy Court's Adversary Proceeding. The issues in the State Court Action are whether, and to what extent, Appellant Whitaker breached his fiduciary duties to Appellee Moroney Farms, and if a breach occurred, what was the measure of damages. The question before the Bankruptcy Court was whether that breach of fiduciary duty rose to the level of defalcation. The evidentiary issues that Appellant Whitaker brought forth in the Adversary Proceeding were fully and fairly litigated in the multi-day trial in the State Court Action. Those facts were essential to the judgment of liability in the State Court Action. There is no dispute that the parties were adversary in all the relevant proceedings. Collateral estoppel applies in this matter to the factual findings listed in the Background Section of this Order. The factual issues

for Appellee Moroney Farms' theory of nondischargeability have been actually litigated in the State Court Action; therefore, neither party may relitigate those grounds. *See RecoverEdge L.P.*, 44 F.3d at 1294.

### B. The Debt to Appellee Moroney Farms Arose from Defalcation in a Fiduciary Capacity

Appellee Moroney has argued, and the Bankruptcy court found, that Appellant Whitaker's debt resulted from defalcation in a fiduciary capacity and was therefore nondischargable under 11 U.S.C. § 523(a)(4). The burden is on Appellee Moroney Farms to show, by a preponderance of the evidence, that Appellant Whitaker is not entitled to a discharge of his debt. *See Grogan*, 498 U.S. at 286. Appellee Moroney Farms has met that burden.

Regarding fiduciaries under 11 U.S.C. § 523(a)(4), the scope of their obligations is determined by federal law, but state law is important to the determination of whether or not a trust obligation exists. *In re Harwood*, 637 F.3d 615, 619-20 (5th Cir. 2011) (citations omitted). "Under Texas law, corporate officers and directors owe fiduciary duties to the corporations they serve and must not allow their personal interests to prevail over the interests of the corporation." *Id.* at 620 (citing *Pinnacle Data Servs., Inc. v. Gillen*, 104 S.W.3d 188, 198 (Tex.App.—Texarkana 2003, no pet.)). This constitutes a fiduciary duty under federal law regarding 11 U.S.C. § 523(a)(4). *In re Shcolnik*, 670 F.3d 624, 628 (5th Cir. 2012). Appellant Whitaker was an officer on the board for Appellee Moroney Farms during the relevant period and owed Appellee Moroney Farms a fiduciary duty under federal law. The question now shifts to whether Appellant Whitaker breached that duty in such a way that he committed defalcation.

Under the heightened standard of *Bullock*, defalcation requires knowledge or gross recklessness. *Bullock*, 133 S. Ct. at 1757. Appellant Whitaker knowingly incurred attorney's fees on behalf of Appellee Moroney Farms in an improper attempt to prevent the homeowner

8

who sought association documents.  Appellant Whitaker also knowingly sought and received improper reimbursement of personal expenses.  Appellant Whitaker knowingly received improper benefits from third-party contractors.  Each of these actions constituted defalcation.  Appellant Whitaker's debt to Appelle Moroney Farms is nondischargable.

## IV. Conclusion

Appellant Whitaker is collaterally estopped from relitigating the matters in the State Court Action.  Appellant Whitaker owed a fiduciary duty to Appellee Moroney Farms, which he breached.  He breached it knowingly, resulting in defalcation.  Pursuant to 11 U.S.C. § 523(a)(4), debts from defalcation are nondischargeable.  Appellant Whitaker's appeal is DENIED and the decision of the Bankruptcy Court in the Adversary Proceeding is affirmed.

So **ORDERED** and **SIGNED** this **5** day of **June, 2015.**

_____
Ron Clark, United States District Judge